PEOPLE ex rel. MAYHAM v. DICKSON et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

NEWSPAPERS (§ 1*)—DESIGNATION BY SUPERVISORS—ANNULMENT.

> The action of the Republican members of a board of supervisors in designating for the publication of the Session Laws and concurrent resolutions a Republican newspaper having a circulation of about 1,300, only 900 of which is in the county, will be annulled on certiorari by another Republican newspaper published in the county having a circulation therein of nearly 2,700 copies, uniformly distributed throughout the county.
>
> [Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1–13; Dec. Dig. § 1.*]
>
> Sewell and Houghton, JJ., dissenting.

Certiorari by the People of the State of New York, on the relation of Frank B. Mayham, against James W. Dickson and others, Republican members of the Board of Supervisors of Delaware County, N. Y., during the year 1909, to review the action of such board in designating a newspaper for the publication of the Session Laws and concurrent resolutions for 1910. Determination annulled.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

C. L. Andrus, for relator.
Andrew J. McNaught, Jr., for respondents.

---

SMITH, P. J. The relator is the proprietor and publisher of the Delaware Express, a Republican newspaper published in the village of Delhi, in the county of Delaware, which has a circulation of nearly 2,700 copies in the said county of Delaware. This circulation was distributed uniformly and generally through the county. The Sidney Record, the paper designated by the Republican supervisors to publish the Session Laws and concurrent resolutions for 1910, is published at Sidney, and has a circulation of about 1,300, but a circulation of only about 900 in the county of Delaware. Sidney is situated upon the western boundary of said county, and near to the Otsego and Chenango county lines. A substantial part of the circulation of the Sidney Record is outside the county of Delaware. No question is made about the party loyalty of either newspaper. The respondents in their return have stated, or by not denying have admitted, the foregoing facts, and in connection have stated:

"That the said respondents, in so designating the said Sidney Record as aforesaid, took into consideration all of the facts aforesaid, and exercised their best judgment and discretion in making said designation, and in attempting to make a just and equitable determination in relation thereto, from the applicants therefor, and with due regard to the Republican newspapers published in said county of Delaware, and that they also took into consideration the prior designations for the past six years, the fact that the relator's said newspaper, the Delaware Express, was designated for said purpose for the year 1909; that public printing was not constituted by statute a monopoly by law, or discretion in making such designation would not be vested in the respondents by the statute. With knowledge, and giving due consideration to all of the facts aforesaid, these respondents, many of whom had been members of said board of supervisors for many years, made the designation of said Sidney Record as aforesaid."

In People of the State ex rel. Republican and Journal Company v. McCarthy, 134 App. Div. 761, 119 N. Y. Supp. 387, this court annulled the determination of the Republican members of the board of supervisors of St. Lawrence county, where the discrepancy in the extent of the circulation between the paper represented by the relator and the paper designated was not nearly as great as the discrepancy which appears before us in this case. The object of the statute is to give information of the laws enacted as generally as may be to the voters of the county, both Republican and Democratic. Without reviewing in detail the allegations of the return, or the allegations of the relator's petition, not denied by the return, it would seem to be undoubted that for this purpose a publication in the paper represented by the relator would give by far a more general information of said statutes and concurrent resolutions. There are no facts stated which give any justification for disregarding the superior opportunity offered by the relator for the giving of such information; and it is also apparent from the return itself that the supervisors have construed as more important other matters than the party faith and the extent of the circulation or the primal purpose of the law to give the greatest publicity to these statutes.

The determination must therefore be annulled, with $50 costs and disbursements to relator.

Determination annulled, with $50 costs and disbursements to relator. All concur, except SEWELL and HOUGHTON, JJ., who dissent.